**In re Laniel N. KIRKPATRICK, a/k/a Neil Kirkpatrick, Debtor.**

**Laniel N. KIRKPATRICK, a/k/a Neil Kirkpatrick, Plaintiff,**

v.

**Gerald KOGAN, Chief Justice, Supreme Court of Florida, and John H. Moore, Executive Director, Florida Board of Bar Examiners, Defendants.**

Bankruptcy No. 91–16419–8P7.
Adversary No. 97–452.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 8, 1997.

Laniel N. Kirkpatrick, New Pt Richey, FL, pro se.

Ernest Mueller, Assistant Attorney General, Office of Attorney General, Tampa, FL, for Gerald Kogan.

William Knight Zewadski, Tampa, FL, for John H. Moore.

### Findings of Fact, Conclusions of Law and Memorandum Opinion

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability *vel non* of a monetary award against Laniel Kirkpatrick (Debtor) who instituted the above-captioned adversary pro-

ceeding. The Debtor, in his Complaint, originally named Leander J. Shaw, Jr., the then Chief Justice of the Supreme Court of Florida, and John H. Moore, Executive Director of the Florida Board of Bar Examiners, as Defendants and sought the determination that the attorney's fee awards granted to the Defendants are debts which were discharged and thus, are unenforceable against him by virtue of § 524(a) of the Code. In due course, the Defendants filed responsive pleadings. In addition, Leander J. Shaw, Jr. filed a Motion in which he sought to be substituted by the current Chief Justice of the Supreme Court, the Honorable Gerald Kogan, because Leander J. Shaw, Jr. was no longer the Chief Justice. The Motion was heard and on July 18, 1997, this Court granted the Motion and substituted Chief Justice Kogan for Justice Shaw, as Defendant.

The matter presented for this Court is a Motion for Summary Judgment filed by the Debtor, who contends that there are no genuine issues of material fact and that based upon the same, he is entitled to judgment as a matter of law. The Debtor asserts that the debts involved here were discharged when he received his Discharge on April 8, 1992. The Debtor contends that the fact that these Defendants were not scheduled as creditors, did not receive notice, and had no knowledge of the bankruptcy is of no consequence. This is because the undisputed facts do not warrant the conclusion that the debts owed by the Debtor, those being the awards of attorney's fees, are within the exception of § 523(a)(3) of the Code.

The Debtor's Motion for Summary Judgment was promptly scheduled for hearing, but before the hearing was held both Defendants filed Responses to the Debtor's Motion for Summary Judgment and also Cross–Motions for Summary Judgment. While the Cross–Motions for Summary Judgment were not technically scheduled for hearing, this Court is satisfied that it is appropriate to dispose of the issues raised by the Cross–Motions in light of the fact that the Debtor concedes that there are no genuine issues of material fact. In support of their Motions, the Defendants contend that the applicability *vel non* of § 523(a)(3) is of no consequence

because the liability of the Debtor, based on the attorney's fee awards, is a post-petition debt and thus, regardless of any exceptions to discharge this liability is unaffected.

The facts, as they appear from the record, are indeed without dispute and may be summarized as follows: On October 16, 1990, the Debtor filed a suit in the U.S. District Court for the Middle District of Florida, Tampa Division. The suit was later transferred to the U.S. District Court for the Northern District of Florida, Tallahassee Division. The Debtor sued Leander J. Shaw, Jr., the then Chief Justice of the Supreme Court of Florida and John H. Moore, Executive Director of the Florida Board of Bar Examiners, in their official capacities. In his Complaint, the Debtor sought injunctive relief prohibiting the Defendants from denying his admission to the Florida Bar.

On December 23, 1991, while the suit in the District Court was still pending, the Debtor filed his Petition for Relief in this Court. It is without dispute that the Debtor did not disclose the pending lawsuit filed by him in the District Court on his Statement of Financial Affairs. Additionally, the Debtor did not schedule the Defendants as creditors. It is also without dispute that the Defendants did not receive notice nor did they have actual knowledge of the pendency of this case.

On April 8, 1992, the Debtor obtained a Discharge and the Chapter 7 case was subsequently closed on April 24, 1992. It was not until October 21, 1993, about eighteen months after the Debtor's Discharge, that the District Court entered an Order which granted the Defendants' Motion for Summary Judgment, and denied the Debtor's Motion for Summary Judgment. Additionally, the Final Judgment was entered in favor of the Defendants and thereby, dismissed the Debtor's Complaint. On November 12, 1993, the Debtor filed a notice of appeal to the Eleventh Circuit Court of Appeals on the Order of Dismissal.

On November 3, 1993, after the Complaint was dismissed by the District Court, the Florida Board of Bar Examiners filed an Application and sought an award of attorney's fees incurred in defending the suit filed

by the Debtor in the District Court. On November 22, 1993, the Defendant Chief Justice also applied for attorney's fees. A few months later, on February 8, 1994, the District Court awarded attorney's fees to the Defendant Chief Justice and to the Florida Board of Bar Examiners. On December 5, 1995, the Eleventh Circuit Court of Appeals affirmed the District Court's Order granting summary judgment in favor of the Defendants but refused to consider the issue of attorney's fees.

On December 12, 1995, after the Eleventh Circuit Court of Appeals affirmed the District Court's Order, the Florida Board of Bar Examiners filed an Application for additional attorney's fees incurred in connection with the defense of the appeal filed by the Debtor. On March 25, 1996, the Eleventh Circuit Court of Appeals entered an Order determining that the Florida Board of Bar Examiners was entitled to attorney's fees, but remanded the matter to the District Court with directions to determine the amount of the award, if any, in favor of the Defendants as they were the "prevailing parties."

On February 2, 1994, the District Court awarded $26,700 to John Moore, Executive Director of the Florida Board of Bar Examiners, for attorney's fees and on May 2, 1996 the District Court made an additional award of attorney's fees for defending the appeal. On February 8, 1994, the District Court awarded $5,425.00 to the Chief Justice as reimbursement for his legal fees.

On March 15, 1996, the Debtor filed a Motion to Reopen his Chapter 7 case in order to amend the Schedules to include both Defendants as creditors. The Motion was granted, the amendments were filed, and the case was closed again. When the Debtor realized that the amendments did not achieve the desired result and did not prevent the Defendants from proceeding forward to collect the fee awards, he filed a Renewed Motion to Open the Case in order to file a Complaint to Determine Dischargeability of a Debt and to thereby receive the protection given to a debtor who has obtained a Discharge, pursuant to §§ 524(a)(1) and (2) of the Code.

It should be evident from the foregoing that the threshold question is, whether or not the debts under consideration represent a pre– or post-petition liability of the Debtor. If the debt is a post-petition debt, there is no question of dischargeability because a discharge merely absolves a debtor of pre-petition debts and renders such pre-petition debts unenforceable. A discharge has no effect on a debtor's post-petition debts.

The issue of whether a debt is pre– or post-petition has been extensively litigated in the past, usually in product liability cases or cases involving toxic waste exposure. *Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198 (4th Cir.1988) (Dalkon Shield liability); *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985) (toxic waste cleanup); *In re Chateaugay Corp.*, 944 F.2d 997 (2nd Cir. 1991) (hazardous waste); *In re National Gypsum Co.*, 139 B.R. 397 (N.D.Tex.1992) (cleanup costs); *In re Piper Aircraft Corp.*, 162 B.R. 619 (Bankr.S.D.Fla.1994), *aff'd*, 168 B.R. 434 (S.D.Fla.1994), *aff'd sub nom. Epstein v. Official Committee of Unsecured Creditors of Estate of Piper Aircraft Corp.*, 58 F.3d 1573 (11th Cir.1995) (defective aircraft); *In re Hassanally*, 208 B.R. 46 (9th Cir. BAP 1997) (negligent construction).

*Matter of M. Frenville Co., Inc.*, 744 F.2d 332 (3rd Cir.1984), involved an indemnification claim against the debtor, asserted post-petition, but based on a pre-petition contract. The Court held that the claim was post-petition because the suit against the accounting firm, which gave rise to the indemnification claim, was not filed until after the commencement of the bankruptcy case. *Frenville* has been widely criticized and the majority of courts have rejected the holding of *Frenville*. Further, most courts have held that if the objectionable conduct occurred pre-petition, then the claim was a pre-petition claim even though the injury did not manifest itself until after the commencement of the case.

In the present instance, the awards for the attorney's fees were awarded to the "prevailing parties" in a lawsuit brought pursuant to 42 U.S.C. § 1983 and authorized by 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976. It is evident that

but for the Debtor filing the suit, which happened to be pre-petition, no attorney's fee awards would have been made. It is also true that the Defendants' entitlement to an attorney's fee award was contingent on their success in the litigation. Nonetheless, the Defendants had a contingent, unliquidated claim, clearly within the definition of the term "claim" as defined by § 101(5) of the Code, prior to the Debtor filing his Petition for bankruptcy. Thus, it appears from the foregoing that the debt owed by the Debtor to the Defendants is in fact a pre-petition claim and within the general discharge granted to the Debtor, unless the debt is within the exceptions to discharge provided for by 11 U.S.C. § 523(a)(3).

Section 523(a)(3) of the Bankruptcy Code provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; . . .

11 U.S.C. § 523(a)(3). It is undisputed that neither Defendant, nor the original Defendant Justice Shaw, was scheduled by the Debtor prior to the closing of his Chapter 7 case. However, it is equally clear and undisputed that the Debtor's Chapter 7 case was a no-asset case and noticed pursuant to F.R.B.P. 2002(e) as a no dividend case. Such notice informs parties of interest that it is unnecessary to file a proof of claim because the estate will not have the funds to pay dividends to creditors, even if they filed a proof of claim. Thus, the bar date in this case, which applies in asset cases, never expired. Therefore, the Defendants still have the right to file a proof of claim, although doing so would be futile, and nothing more than an exercise in futility. Moreover, since

the Defendants do not assert that the debt owed by the Debtor is of the kind within the exception §§ 523(a)(2), (4), or (6), the debt under consideration is not within the exception of § 523(a)(3). In sum, regardless of what is fair, it appears from a literal reading of § 523(a)(3) that these debts have been discharged.

Some courts have attempted to soften the blow to the poor forgotten creditor if there was evidence that the debtor omitted a creditor in bad faith. *Matter of Stone,* 10 F.3d 285 (5th Cir.1994). However, this does not appear to be the situation at hand and the awards of attorney's fees were discharged. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment is granted, and the Defendants' Cross–Motions for Summary Judgment are hereby denied. A separate final judgement will be entered by this Court.