Filed 3/9/15  Tunold v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GILLIAN TUNOLD, | |
| Petitioner, | E062674 |
| v. | (Super.Ct.No. INC10004568) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| JEROLD MEINTS, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John G. Evans, Judge.

Petition granted.

Reese Kintz Guinasso and Susanna T. Kintz for Petitioner.

No appearance for Respondent.

Law Office of Gene E. O'Brien and Gene E. O'Brien for Real Party in Interest.

1

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

First, we reject real party in interest's argument that because petitioner has also filed an appeal of the order/judgment as to him, extraordinary relief is not necessary. As the case remains pending against Deborah Meints, judicial economy and the interest of the parties require that real party in interest Jerold Meints's status be expeditiously determined.

We need not address real party in interest's statements and assertions concerning whether or not petitioner has accurately stated the case or has made unsupported negative assertions against petitioner or his counsel. We have not taken any such statements or assertions into account in reaching our decision.

We also disregard real party in interest's arguments to the effect that he is not a necessary party to the action. Until the order/judgment becomes final as to him, he *is* a party; furthermore, our comments with respect to judicial economy again apply.

On the merits, in his demurrer real party in interest simply relied on the effect of his discharge in bankruptcy. But the discharge applied only to pre-petition debts (11 U.S.C.A. § 727) and had no effect on debts or claims arising after the discharge. (See *In re Kirkpatrick* (1997) 216 B.R. 663, 665.) Liberally construed (*Rickley v. Goodfriend*

2

(2013) 212 Cal.App.4th 1136, 1141-1142), petitioner's current pleading alleges arguably tortious conduct by real party *after* he received his discharge in bankruptcy, with resulting damage. On the basis argued by petitioner—and we do not express any opinion on the viability of petitioner's claims in any other respect—the demurrer should not have been sustained. Accordingly, we issue the relief requested.

DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order sustaining Jerold Meints's demurrer without leave to amend, and to enter a new order overruling the demurrer and setting a time for real party in interest to answer the complaint.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

Petitioner is to recover her costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

RICHLI

J.

3